UNITED STATES of America,
Plaintiff-Appellee,

v.

Bonnie Frank HENDERSON, Defendant-
Appellant.

No. 72–2490

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Nov. 17, 1972.

John Erwin Talmadge, Atlanta, Ga. (Court appointed), for defendant-appellant.

John W. Stokes, U. S. Atty., Robert L. Smith, Asst. U. S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before THORNBERRY, COLEMAN and INGRAHAM, Circuit Judges.

PER CURIAM:

Defendant was convicted after trial by jury of three counts pertaining to violations of the Controlled Substances Import and Export Act, 21 U.S.C. § 952 et seq. and the Controlled Substances Act, 21 U.S.C. § 801 et seq. The Schedule I controlled substance, 21 U.S.C. § 812, involved was marijuana.

On appeal defendant raises two arguments: (1) That statements made to a United States customs officer after defendant had previously received *Miranda* [Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966)] warnings, should not have been admissible in evidence because the officer had not repeated the full *Miranda* litany; and (2) that a pickup truck load of marijuana was improperly allowed into evidence when it was searched without a prior search warrant.

* Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409.

Defendant's first contention fails in light of the record's demonstration that defendant himself initiated the conversation with the customs officer when that officer offered him a cup of coffee. Moreover, after the conversation had begun the officer warned defendant: "You know you don't have to answer any of my questions." Defendant's reply was: "Hell, I know that." Defendant nevertheless continued to answer and volunteer information. The holdings of United States v. Phelps, 443 F.2d 246 (5th Cir., 1971), and United States v. Hopkins, 433 F.2d 1041 (5th Cir., 1970), control this case. No error was committed in admitting into evidence statements received in this matter.

Defendant's second contention, raising an issue under the Fourth Amendment's search and seizure provisions, must also fail. The decision of the district court to permit the marijuana into evidence fully comports with the view of the Fourth Amendment expressed in Coolidge v. New Hampshire, 403 U.S. 443 at 461, 462, 91 S.Ct. 2022, 2035, 2036, 29 L.Ed.2d 564 (1971):

> "The word 'automobile' is not a talisman in whose presence the Fourth Amendment fades away and disappears. And surely there is nothing in this case to invoke the meaning and purpose of the rule of Carroll v. United States [267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925)]—no alerted criminal bent on flight, no fleeting opportunity on an open highway after a hazardous chase, no contraband or stolen goods or weapons, no confederates waiting to move the evidence, not even the inconvenience of a special police detail to guard the immobilized automobile. In short, by no possible stretch of the legal imagination can this be made into a case where 'it is not practicable to secure a warrant,' Carroll, supra, at 153, 45 S.Ct. at 285, and the 'automobile exception,' despite its label, is simply irrelevant."

Here the factors attributed to Carroll, supra, by the Supreme Court in Coolidge, supra, are abundantly clear. Defendant was followed by customs officers from the port of entry, Miami, Florida, to a point just south of Atlanta, Georgia —a distance in excess of eight hundred miles. The search of the marijuana laden camper complained of, was made with undisputed probable cause and was physically related in time and place to defendant's arrest. The vehicle and defendant had been identified by customs officers during the pursuit from Miami but until the time the camper was searched on a rural backroad the defendant had not stopped the truck for anything other than gasoline. The search occurred less than thirty minutes after the truck came to rest for an indeterminate period. Moreover during the course of surveillance it was discovered that defendant had several armed accomplices. Compare Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); United States v. Miles, 445 F.2d 974 (5th Cir., 1971).

The judgment of the district court is affirmed.